UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATRELL TERRELL,

                              Petitioner,

                -against-

WILLIAM LEE,

                              Respondent.

19-CV-5098 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Wende Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus*, challenging his April 5, 2013 conviction in New York Supreme Court, New York County.[1] By order dated June 4, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to show cause, within sixty days of the date of this order, why this application should not be denied as time-barred.

## DISCUSSION

**A.      The petition may be time-barred**

A prisoner seeking *habeas corpus* relief under § 2254 must file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

---

[1] Petitioner states that he was convicted in Kings County, but publicly available records show that he was convicted in New York County. *See People v. Terrell*, 147 A.D.3d 444 (1st Dep't 2017).

Public records show that Petitioner appealed his April 5, 2013 judgment of conviction to the Appellate Division, First Department, and that on February 7, 2017, the Appellate Division affirmed the conviction. *See People v. Terrell*, 147 A.D.3d 444 (1st Dep't 2017). Records also show that on October 2, 2017, the New York Court of Appeals denied Petitioner's application seeking leave to appeal. *See People v. Terrell*, 30 N.Y.3d 983 (2017). Thus, Petitioner's conviction became final on January 2, 2018, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000), and he had one year from that date to file this petition. According to Petitioner, he placed this petition in the prison mail collection box on May 24, 2019. The petition therefore appears to be time-barred.

**B.      Petitioner's postconviction motion to vacate his judgment may have tolled the one-year statute of limitations period**

Postconviction motions filed before the expiration of the statute of limitations may toll the statute of limitations period. *See* 28 U.S.C. § 2244(d)(2). But postconviction motions filed after the limitations period expires do not restart the limitations period. Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

Here, Petitioner states that in February 2018, after his judgment became final but before the time to file this petition expired, he filed a motion to vacate his judgment. But he is "not sure" of the grounds he raised in that motion or whether he appealed any decision on the motion to vacate the judgment.

**C.** **The Court directs Petitioner to show cause why the petition should not be dismissed as untimely**

Petitioner is directed to show cause within sixty days why this application should not be dismissed as time-barred. Petitioner should state: (1) the dates he filed his postconviction applications in state court, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications; (2) when any postconviction applications were decided; (3) the dates that any appeals or applications for leave to appeal from those decisions were filed; (4) when those appeals or applications were decided; and (5) when Petitioner received notice of any state court decisions on those applications and appeals. See 28 U.S.C. § 2244(d)(2).

Moreover, before Petitioner can seek federal *habeas* relief, § 2254 requires exhaustion of all available state court remedies for any postconviction application he filed. *See* 28 U.S.C. § 2254(b)

Finally, Petitioner should allege any facts showing that he pursued his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket.

The Court directs Petitioner to show cause why the petition should not be denied as time-barred. Attached to this order is a declaration form. If Petitioner files a declaration, the Court will review it, and if proper, order that the petition be served on Respondent. If Petitioner fails to

comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer will be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   June 12, 2019
New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                Signature

_____          _____
Name                                       Prison Identification # (if incarcerated)

_____          _____    _____    _____
Address                           City             State          Zip Code

_____          _____
Telephone Number (if available)           E-mail Address (if available)