**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
**MATRELL TERRELL,**

                         **Petitioner,**

        -against-                                 **1:19-cv-05098 (ALC)**

                                           **OPINION AND ORDER**

**SUPERINTENDENT WILLIAM LEE,**

                         **Respondent.**
------------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

Matrell Terrell, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 5, 2013, Terrell was convicted in the Supreme Court of New York, New York County, on one count of assault in the first degree, New York Penal Law § 120.10, and one count of gang assault in the first degree, New York Penal Law § 120.07. *See* ECF. No. 2 at 1, 16. He is currently serving a sentence of fifteen years' imprisonment, which will be followed by five years' supervised release. *See id.* at 1. For the reasons that follow, the petition is **DENIED**.

BACKGROUND

**I.  Factual History**

In the early morning of May 8, 2010, Matrell Terrell ("Petitioner") was leaving a bar with some friends when one member of his group, Andrew McCray, got into an altercation with a man outside, Kayim Washington. *See* ECF No. 14–3 at 93–94, 109–10 ("Tr."). McCray's friends—including Terrell, Shadia Brackman, and Christopher Montanez—also became involved in the physical altercation with Washington, along with two other unidentified individuals. *See* Tr. at 111; ECF No. 2 at 19 ("Petition"). The events were captured on video by a bystander. *See* State Trial Exhibit 17. As shown in the video, Terrell hit Washington several times with a traffic cone

and an unidentified man in a red shirt hit Washington with a wooden plank. *See* Petition at 19–21. Police Officer Christopher Delsordo arrived to break up the fight, and Terrell, Brackman, McCray, and Montanez were arrested for their involvement. *See* ECF No. 14-2 at 81, 86–87 (trial testimony of Delsordo). Washington suffered a temporal bone fracture and permanent hearing loss as a result of injuries sustained during the fight. *See id.* at 335–36, 342–43 (trial testimony of Dr. Watts).

## II.   Trial and Conviction

Terrell, Brackman, McCray, and Montanez were each indicted on one count of assault in the first degree and one count of gang assault in the first degree. *See* Petition at 23. They were tried together in New York County Supreme Court. As an element of the offenses, the prosecution needed to demonstrate that the defendants caused "serious physical injury." N.Y. Penal Law §§ 120.10, 120.07. To prove this element, the prosecution referred to the injuries sustained by Washington, although the State was unable to secure Washington as a witness for trial. *See* ECF No. 14-1 at 278.

At the close of trial, defense counsel collectively asked the trial court to issue a "missing witness" charge to the jury regarding the absence of the complaining witness, Washington. *See* Tr. at 257. The court determined that the State's unsuccessful efforts to locate the witness were sufficiently diligent, and therefore declined to issue the charge. *See id.* at 258–60, 274–75. But the court told defense counsel that they were "absolutely free to argue" in their summations about "why Mr. Washington [wa]sn't [t]here." *Id.* at 273. And indeed, during his summation, Terrell's counsel highlighted Washington's absence from the trial several times. *See, e.g.*, ECF No. 14-4 at 94, 96–97, 99–100, 102–03, 108, 110, 114, 118, 121 (references to Washington's

2

absence in transcript of summation by Arnold Keith, trial counsel for Terrell).

Ultimately, the jury returned a verdict convicting Terrell of assault in the first degree and gang assault in the first degree. *See generally* ECF No. 14–5 at 256–259 (transcript of jury verdict). Terrell filed a motion to set aside the jury's verdict, which the court denied. *See* ECF No. 13 at 8–9. On April 5, 2013, the Honorable Marcy L. Kahn sentenced Terrell to fifteen years' imprisonment and five years' supervised release on both counts, to be served concurrently. *See* ECF No. 14–6 at 58. His co-defendants were convicted of gang assault in the first or second degree, and assault in the first, second, or third degree. *See generally* ECF No. 14–5 at 248–56.

### III. Direct Appeal

Terrell, McCray, and Montanez jointly appealed to the First Department of the Supreme Court Appellate Division, which affirmed the convictions in all respects. *See People v. Montanez*, 147 A.D.3d 444 (App. Div. 1st Dep't 2017). Relevant to the instant petition, the Appellate Division found that (1) each verdict was based on legally sufficient evidence and (2) the trial court correctly declined to deliver the missing witness charge. *See id.* at 8–9. The New York Court of Appeals denied Terrell leave to appeal the Appellate Division's decision. *See People v. Terrell*, 30 N.Y.3d 983 (2017).

### IV. Petition for Writ of Habeas Corpus

On May 20, 2019, Terrell filed this petition a writ of habeas corpus under 28 U.S.C. § 2254. *See* ECF No. 2. Proceeding *pro se*, Terrell raises the same two issues referenced above, which he pursued on direct appeal, as grounds for habeas relief. Petition at 20. Terrell seeks dismissal of the indictment against him, or alternatively, a new trial. *Id.* at 8. On December 6, 2019, Respondent filed an opposition, along with the state court record and transcripts from the

proceedings. *See* ECF Nos. 12–14.

## LEGAL STANDARD

A petitioner seeking habeas corpus relief must show that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The petitioner thus has the burden of proving, by a preponderance of the evidence, that his federal rights have been violated. *See Jones v. Vacco*, 126 F. 3d 408, 415 (2d Cir. 1997). For a federal district court to grant a writ of habeas corpus, the petition must satisfy a "difficult to meet ... and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations and quotations omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a federal district court may grant "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... with respect to any claim that was adjudicated on the merits in State court" if (1) the adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court;" or (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Furthermore, under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The submissions of a *pro se* petitioner are held to less stringent standards than formal pleadings drafted by lawyers. *See, e.g., Davis v. Walsh*, 08-CV-4659 (PKC), 2015 WL 1809048, at *1 n.1 (E.D.N.Y. Apr. 21, 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Courts must liberally construe a "*pro se* petition 'to raise the strongest arguments' it suggests." *Id.* (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006)). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Relying on the Sixth and Fourteenth Amendments, Terrell raises two arguments for habeas relief: that (1) the verdict for gang assault was based on legally insufficient evidence and (2) the trial court should have delivered the missing witness charge to the jury. Petition at 12. The Court notes that both arguments were raised in a petition for writ of habeas corpus by Terrell's co-defendant, Christopher Montanez. On November 30, 2018, Judge Oetken denied that petition. *See Montanez v. Tynon*, No. 18-CV-1766 (JPO), 2018 WL 6268221, at *14 (S.D.N.Y. Nov. 30, 2018). For largely the same reasons detailed in that opinion, the Court denies the instant petition. The Court will still address each of the Petitioner's arguments.

### I.  Sufficiency of the Evidence

Terrell contends that the proof offered at trial was legally insufficient to support a conviction for gang assault in the first degree under New York Penal Law § 120.07 and assault in the first degree, New York Penal Law § 120.10. *See* Petition at 37. The Appellate Division rejected this argument on the merits, reasoning that "[t]he evidence amply established that each

defendant acted with the requisite intent and community of purpose." *Montanez*, 147 A.D.3d at 444–45. The Court finds that conclusion to be reasonable.

"[E]vidence is sufficient to support a conviction so long as 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). On habeas review, a federal court may "overturn a state court decision rejecting a sufficiency of the evidence challenge ... only if the state court decision was 'objectively unreasonable.'" *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (quoting *Cavazos*, 565 U.S. at 2)). A petitioner challenging the sufficiency of evidence under § 2254 "thus bears a 'very heavy burden.'" *Adamson v. Griffin*, No. 16 Civ. 0511, 2016 WL 6780011, at *7 (S.D.N.Y. Nov. 16, 2016) (quoting *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002)).

"When considering the sufficiency of the evidence of a state conviction, a reviewing court must first determine the elements of the underlying crime based on state law." *Id.* A conviction for assault and gang assault in the first degree under New York law requires proof that, "with intent to cause serious physical injury to another person … [the defendant] cause[d] serious physical injury to such person or to a third person." N.Y. Penal Law §§ 120.07, 120.10 (additional elements not relevant omitted). Even if the defendant did not personally strike the blow causing the injury, he can be liable for both offenses if he acted in concert with the principal who did, which requires "acting with the [requisite] mental culpability" and "intentionally aid[ing]" the principal in commission of the assault. N.Y. Penal Law § 20.00. "Serious physical injury" is defined by the statute as "physical injury which creates a substantial

6

risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. Penal Law § 10.00(10).

Terrell does not specifically challenge the first element—that he acted with the "intent to cause physical injury." Nor does Terrell challenge that the temporal bone fracture and resultant permanent hearing loss sustained by Washington constitute a "serious physical injury" as defined by New York law. Terrell solely argues that the evidence was insufficient to establish the third element—that he caused or was acting in concert with someone who caused serious physical injury. *See* Petition at 39. He argues that the Appellate Division rendered an unreasonable decision when it found the evidence of that element to be legally sufficient. *See id.* at 37.

Terrell contends that the video evidence presented at trial shows that an unknown man in a red shirt caused Washington's injury to his temporal bone, whereas Terrell solely hit Washington below the head. *See* Petition at 41–42. Terrell argues that since neither his actions nor his co-defendants' actions could have caused Washington's injury, there was not sufficient evidence for the jury to conclude he caused or acted in concert with someone who caused, the injury. *See* Petition 41, 47–48. Respondent counters that there is enough evidence in the video for a jury to infer that Terrell shared a community of purpose with the red shirted assailant. ECF No. 12-1 at 18–20 ("Resp. Br.").

The Court agrees with Respondent. It is well established that "[w]here an individual continues to participate in a criminal activity after a companion pulls out a previously concealed weapon, the factfinder may rationally conclude that the individual shared the requisite intent for the crime. Indeed, even the mere act of blocking a victim's path of retreat has been found to

7

support a finding of accessorial liability." *In re Tatiana N.*, 899 N.Y.S.2d 21 (App. Div. 1st Dep't 2010) (internal citation omitted). In viewing the evidence in the light most favorable to the prosecution, as this Court is required to do, the jury could have found beyond a reasonable doubt that Terrell—by continuing to assault Washington with a traffic cone—was acting in concert with others who caused serious physical injury to Washington. *See Cavazos*, 565 U.S. at 7. Therefore, the Appellate Division was not "objectively unreasonable" in rejecting Terrell's sufficiency challenge. *See Coleman*, 566 U.S. at 651.

## II. Missing Witness Charge

Terrell argues that the trial court's denial of his request for a missing witness charge for Washington violated "his due process right to a fair trial" under the Constitution. Petition at 51. The Appellate Division denied this claim on the merits, concluding that Terrell was not entitled to a missing witness charge under state law. *Montanez*, 147 A.D.3d at 445–46. The Court concurs and denies Terrell's request for habeas relief on this basis as well.

"Under New York law, to warrant a missing witness charge, the moving party must show that: (1) the witness is knowledgeable about a material issue in the case; (2) the witness would be expected to give noncumulative testimony favorable to the party who has not called him; and (3) the witness is in the 'control' of, or available to, the party." *Adamson*, 2016 WL 6780011, at *6. "[T]he decision of whether to give a missing witness charge is committed to the sound discretion of the trial court." *Id.*

In order to prevail on a habeas claim premised on the failure to issue a missing witness charge, a court must answer three questions in the petitioner's favor: "First, was he entitled to a [missing witness] charge? Second, if so, did the failure to give one result in a denial of due

process? Third, if so, did the state court's contrary conclusion constitute an unreasonable application of clear Supreme Court law?" *Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005). Given the difficulty of satisfying all three inquiries, "decisions in this area will rarely support reversal or habeas relief." *Adamson*, 2016 WL 6780011, at *6 (citing *Malik v. Kelly*, No. 97 Civ. 4543, 1999 WL 390604, at *7 (E.D.N.Y. Apr. 6, 1999)).

The trial court concluded that a missing witness charge was not warranted in this case because Washington was not "in the 'control' of, or available to," the prosecution. Tr. at 258–60, 274–75. The court documented the State's efforts to secure Washington's presence at trial and found that, although the State may have been able to do more, because the prosecution made a "diligent effort" but was unable to locate him for trial, Washington was not available. Tr. at 260. On habeas review, the trial court's findings on this issue "shall be presumed to be correct" unless rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Terrell asserts that the efforts were insufficiently diligent, highlighting other steps the prosecution could have taken to locate Washington. Petition at 52–54. "But these unproven suggestions are insufficient to rebut the finding that Washington was unavailable to the prosecution." *Montanez v. Tynon*, No. 18-CV-1766 (JPO), 2018 WL 6268221, at *14 (S.D.N.Y. Nov. 30, 2018). That the prosecution could have done more to locate Washington does not negate the conclusion that its efforts were "reasonable but unsuccessful" and that it "demonstrat[ed] a 'genuine inability to locate the witness.'" *Montanez*, 147 A.D.3d at 446 (quoting *People v. Savinon*, 100 N.Y.2d 192, (2003)). Accordingly, Terrell has failed to establish that he was entitled to a missing witness charge. *See Jackson*, 404 F.3d at 621.

Lastly, the Court notes that given the summation where Terrell's trial counsel argued the

9

significance of Washington's absence, ECF No. 14-4 at 94, 96–97, 99–100, 102–03, 108, 110, 114, 118, 121, any prejudice from the denial of the charge was substantially abated. *See Adamson*, 2016 WL 6780011, at *6 ("Reversal is particularly inappropriate where, as here, defense counsel urged an adverse inference in his summation."). Therefore, the lack of a missing witness charge did not deprive Terrell of due process and habeas relief is not warranted on such a basis.

## CONCLUSION

For the foregoing reasons, Terrell's petition for a writ of habeas corpus is **DENIED**. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith. See *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated:** **February 18, 2025**
**New York, New York**

*/s/ Andrew L. Carter, Jr.*

**ANDREW L. CARTER, JR.**
**United States District Judge**